EDMONDSON, Circuit Judge,
dissenting:
I dissent in this case largely because I believe that the Florida Supreme Court decision of no prejudice is a decision that is within the range of reasonable decisions that could be made in this case, in the light of the holdings of the Supreme Court of the United States. It is conceivable that the state supreme court’s decision about no prejudice might, in reality, be mistaken. But even if the state decision is mistaken, mistaken does not authorize this federal court to interfere.[1]
To say that the Florida decision cannot be reasonably squared with the holding of Porter v. McCollum, — U.S. -, 130 S.Ct. 447, 175 L.Ed.2d 398 (2009), seems just wrong to me.[2] The facts of the pres *1271 ent case are too different from the facts in Porter. The holding about prejudice in Porter relied on the omission at trial of evidence (including testimony from Porter’s commanding officer) concerning Mr. Porter’s service and suffering in combat on behalf of our country as a member of the nation’s armed services in wartime. That this service and suffering was treated as an important fact in Porter and material to the United States Supreme Court’s decision on prejudice in that case seems plain to me.[3] Therefore, the Supreme Court’s holding in Porter is limited to (and binding on) cases with materially similar facts: cases involving the historical fact of significant military service.
The present case completely lacks the important material fact of wartime military service. Mr. Evans has no evidence about military service at all in his record.
The Porter opinion might give some persuasive guidance in many circumstances in which Porter is not a direct precedent. But if a state court is facing facts that are materially different from the facts in Porter (with its stress on the wartime events), the state court’s decision about prejudice on those different facts is not bound by Porter’s holding; and the state court’s conclusion of no prejudice — whether correct or incorrect in some ultimate sense — will not be contrary to or an unreasonable application of the Porter holding (or that of Strickland, read in the light of or taking into account Porter). To say that Porter’s holding somehow controls this case or that this case is like Porter seems to me to reduce the facts of Mr. Porter’s military service and wartime suffering to matters of no consequence. As I read Porter, the historical facts of military service and wartime suffering were highly significant to the Supreme Court’s decision: the Porter holding is tied to material facts.
By Congress’s direction in AEDPA, we — as a federal court — must defer to state court decisions about state prisoners, except in precise and extremely limited situations. I believe, in the light of AED-PA, we lack the authority to override a state supreme court decision that, at worst, fails to extend a Supreme Court holding to a significantly different state case: for example, a state case which lacks at least one of the facts that was obviously important to the supposedly pertinent holding in a case before the Supreme Court.
Some quotations from the Porter opinion are set out in today’s Court opinion for support. The opinions of the Supreme Court are not the United States Code. Every sentence written in a Supreme Court opinion is not law. Only the Court’s holdings in cases are law. And for AED-PA’s “clearly established Federal law” standard, only the Supreme Court’s holdings count: “the holdings, as opposed to the dicta.” See Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). The reasoning in Supreme Court opinions is not the holding of the Supreme Court decision. “There is, of course, an important difference between the holding in a case and the reasoning that supports that holding.” Crawford-El *1272 v. Britton, 523 U.S. 574, 118 S.Ct. 1584, 1590, 140 L.Ed.2d 759 (1998). When we consider the limitations placed on the lower federal courts by AEDPA — limitations tied precisely to Supreme Court holdings, it seems worthwhile to bear in mind a jurisprudential fundamental:
It is a maxim not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used ... The reason of this maxim is obvious. The question actually before the Court is investigated with care, and considered in its full extent. Other principles which may serve to illustrate it, are considered in their relation to the case decided, but their possible bearing on all other cases is seldom completely investigated.
Cohens v. Virginia, 19 U.S. (6 Wheat.) 264, 399-400, 5 L.Ed. 257 (1821) (Marshall, C.J.).
Whatever “general expressions” the Supreme Court might have written about prejudice as borne by Mr. Porter cannot be correctly lifted out of the context of the specific facts of the Porter case and then declared by us to be broad law that the Supreme Court has made. For me, Porter’s holding represents no per se rule about prejudice and mitigation evidence that compels this Court, in the light of Strickland’s standard, to grant habeas relief in this ease.
In this case, Florida’s Supreme Court noted (and, in my view, gave meaningful consideration to) the same evidence we face.[4] Florida’s Supreme Court set out the correct legal standard per Strickland. The question of prejudice at sentencing necessarily calls for judicial speculation. While looking at the evidence, the Florida Supreme Court did the necessary speculation and reached a definite conclusion: no prejudice. This Court has speculated and today reached a different conclusion. I am unconvinced that, in this case, this Court’s speculation is right and lawful and that the Florida Supreme Court’s speculation is not merely wrong and unlawful (if it is) but, on top of that, actually unreasonable. On the total record, I do accept that the Florida Supreme Court decision in this case is not outside the range of reasonable applications of the law of the United States as established by the holdings of the Supreme Court of the United States.
*1273 I would affirm the District Court’s denial of habeas relief.

. The pivotal question in these kinds of cases is whether the state court's application of Supreme Court holdings was unreasonable. This point cannot be stressed too much: "an unreasonable application of federal law is different from an incorrect application of federal law.” Harrington v. Richter, — U.S. -, 131 S.Ct. 770, 785, 178 L.Ed.2d 624 (2011). Under AEDPA, the state court must be truly granted deference and latitude.

. Today’s Court plays up the Supreme Court opinion in Porter. Porter had not been decided yet by the Supreme Court at the time that the Florida Supreme Court decided Mr. Evans’s case. Given the timing of the Supreme Court Porter opinion and given the "clearly established Federal law” AEDPA touchstone, I regard the emphasis on the Porter opinion today as problematic on the basis of timing, apart from other things. But I pass over this issue.
*1271 If the Supreme Court's Porter decision had been decided years earlier and put squarely before the Florida Supreme Court when that state court decided Mr. Evans's case, I believe objectively reasonable, fair-minded jurists— for reasons I sketch out in this dissent — could conclude that the Porter decision is distinguishable from Mr. Evans’s case and could still conclude that no prejudice was shown, given the facts of this case.

. Our Court has recognized the great legal importance of the historical fact of Mr. Porter’s service. "Porter's military service was critical to the holding in Porter.” Reed v. Sec’y, Fla. Dep't of Corr., 593 F.3d 1217, 1249 n. 21 (11th Cir.2010).

. Today's Court seems to lay great stress on the wording (or lack of wording) of the Florida Supreme Court opinion. I think that the state opinion as written is all right. But as I understand the law, if the Florida Supreme Court’s entire opinion read this way: "Evans is due no relief for he has failed to demonstrate prejudice,” that conclusion of "no prejudice” would still be due deference by federal judges. See Cullen v. Pinholster, - U.S. -, 131 S.Ct. 1388, 1402, 179 L.Ed.2d 557 (2011) ("Section 2254(d) applies even where there has been a summary denial.”) (penalty-phase-ineffective-assistance-of-counsel claim). And no federal court, given AEDPA, could correctly grant habeas relief in this case, unless a review of the entire record — in the light of the holdings of the United States Supreme Court — established that the state court con-elusion of no prejudice was beyond the outside border of reasonable. It is the state court decision that is the essential thing to which we owe deference, I think. "Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court’s decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court.” Harrington v. Richter, 131 S.Ct. at 786 (emphasis added). For law, I stress what is to me the important and clear difference between a court's decision and a court's opinion by which the court might malte some effort to explain its decision: a crucial difference for both federal and state courts.